IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bessy Ceren Cordova,<br><br>    Petitioner,<br><br>v.<br><br>David Rivas, et al.,<br><br>    Respondents. | No. CV-25-04264-PHX-GMS (MTM)<br><br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus and Request for Order to Show Cause under § 2241. (Doc. 1.) The Court will order Respondents[1] to show cause why the Petition should not be granted.

### I. Background

Petitioner is a citizen of El Salvador who entered the United States in February 2013 as an unaccompanied minor when she was ten years of age. (Doc. 1 ¶ 35.) She was placed in removal proceedings on January 29, 2013 and filed an application for asylum on July 12, 2019. (*Id.* ¶ 36.) She was arrested without a warrant on October 22, 2025 and has been placed in mandatory immigration detention. (*Id.* ¶¶ 2-3.)

A July 8, 2025 policy guidance memorandum issued by ICE announced that DHS had revisited the government's legal position on detention and release authorities. Under

---

[1] Petitioner names San Luis Regional Detention Center Warden David Rivas; Immigrations and Customs Enforcement ("ICE") Phoenix Field Office Director John Cantu; ICE Acting Director Todd Lyons; United States Department Homeland Security ("DHS") Secretary Kristi Noem; and Attorney General Pamela Bondi as Respondents.

1  this "revisited" legal position, noncitizens present without admission are now subject to
2  mandatory detention under 8 U.S.C. § 1225(b), rather than discretionary detention under 8
3  U.S.C. § 1226(a), because, under 8 U.S.C. § 1225(a)(1), they are deemed applicants for
4  admission. (*Id.* ¶ 50.) The memo led to a recent Board of Immigration Appeals decision
5  in *In re Hurtado*, 29 I&N 216 (B.I.A. 2025), adopting the memo's analysis and determining
6  noncitizens present without admission are subject to mandatory detention under 8 U.S.C.
7  § 1225(b).
8       Petitioner filed the instant petition arguing her mandatory detention under § 1225
9  violates her due process rights, the Administrative Procedure Act, and the language of the
10 applicable statutes and regulations. Petitioner requests release from custody or a bond
11 hearing.

**II.     Order to Show Cause**

     Dozens of other district courts have recently held that immigration petitioners present in the United States without admission are not applicants for admission under § 1225(b)(2)(A) and, therefore, are not subject to mandatory detention. *See, e.g., Capote v. Secretary of U.S. Dep't of Homeland Sec.,* 2025 WL 3089756, *5 nn.3-4 (E.D. Mich. 2025) (noting that "[o]nly two of at least 36 district courts to have addressed this issue have held that § 1225(b)(2) applies to those in the same circumstances as Petitioner" and canvassing the relevant cases). Another Judge in this district recently reached the same conclusion. *Francisco Echevarria v. Pam Bondi, et al.,* CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. October 3, 2025). Based on Petitioner's allegations, she entered this country over a decade ago and was not classified as an arriving alien in her Notice to Appear. The Court's review of the Petition further suggests that this case is virtually indistinguishable from *Echevarria,* and that Petitioner is thus entitled to a bond hearing. Respondents must therefore show cause why the Petition should not be granted.

///

///

**IT IS THEREFORE ORDERED:**

(1) Counsel for Petitioner must immediately serve the Petition upon Respondents.

(2) If not already issued, the Clerk's Office must issue any properly completed summonses.

(3) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

(4) Respondents must show cause no later than **December 1, 2025** why the Petition should not be granted. Petitioner may file a reply no later than **December 3, 2025**.

(5) Petitioner's Motion for Order to Show Cause (Doc. 3) is **denied as moot**.

Dated this 21st day of November, 2025.

_____
G. Murray Snow
Senior United States District Judge