IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bessy Ceren Cordova,<br>　　　　Petitioner,<br>v.<br>David Rivas, et al.,<br>　　　　Respondents. | No. CV-25-04264-PHX-GMS (MTM)<br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 and Request for Order to Show Cause challenging her immigration detention. (Doc. 1.) In a November 21, 2025 Order, the Court ordered Respondents to show cause ("the OSC") why the Petition should not be granted. (Doc. 4.) Respondents filed a response to the OSC. (Doc. 9.) For the reasons that follow, the Petition is granted in part, and Respondents must either release Petitioner from custody or provide a bond hearing within seven days.

**I.　Background**

Petitioner is a citizen of El Salvador who entered the United States without inspection on January 22, 2013. (Doc. 1 ¶ 77.) She was placed in removal proceedings on January 29, 2013 and filed an application for asylum on July 12, 2019. (*Id.* ¶ 36.) She was arrested without a warrant on October 22, 2025, and has been placed in mandatory immigration detention. (*Id.* ¶¶ 2-3.)

Petitioner filed the instant Petition challenging her rearrest and detention without a warrant or a change in individualized circumstances and her placement in mandatory

detention as violative of her due process rights, 8 U.S.C. § 1226(a), and the Administrative Procedure Act. (*Id.* at 18-21.) In the OSC, the Court observed that Petitioner's case was likely governed by *Francisco Echevarria v. Pam Bondi*, et al., CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. Oct. 3, 2025), in which the district court determined individuals like Petitioner are governed by § 1226 and not § 1225(b)(2)(A). (Doc. 4 at 2.)

## II.   Analysis—Interpretation of 8 U.S.C. § 1225 and 8 U.S.C. § 1226

Respondents indicate they

> are aware of the Order issued in this District, *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. Oct. 3, 2025), but maintain the position that Petitioner is an "applicant for admission" who must therefore be detained pending removal proceedings in accordance with several other district courts around the country. The plain language of the INA establishes that any noncitizen present in the United States without being admitted is indeed an "applicant for admission" and therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants of admission until certain proceedings have concluded.")[1]

(Doc. 9 at 1-2.)

The Court has reviewed Judge Lanza's decision in *Echevarria* and agrees with its conclusion. *Echevarria*, 2025 WL 2821282 at *5 ("Although [Respondents'] approach has surface appeal, the Court perceives at least two problems with it: first, it ignores some of the additional requirements imposed by § 1225(b)(2)(A); and second, it fails to account for the broader statutory scheme, particularly in light of how that broader scheme has been interpreted by the Supreme Court."); *id.* at *7 ("Putting aside these textual problems with Respondents' position, Respondents' narrow focus on § 1225(a)(1) also ignores the complexities of interpreting the INA, a dense statute . . . which must be interpreted against the backdrop of our constitutional principles, administrative law, and international treaty

---

[1] Respondents' reliance on *Jennings* is misplaced. The cited quote from *Jennings* explains that mandatory detention is required if an individual is subject to § 1225. But that quote does nothing to support Respondents' argument about who is, in fact, subject to § 1225.

obligations. Divining its meaning is ordinarily not for the faint of heart. To that end, in determining whether Congress has specifically addressed the question at issue, the court should not confine itself to examining a particular statutory provision in isolation. Rather, it must place the provision in context, interpreting the statute to create a symmetrical and coherent regulatory scheme.") (cleaned up).

Nothing in Respondents' brief persuades the Court that this analysis is mistaken. Indeed, Judge Lanza specifically noted that "[g]iven that an immigrant submits an 'application for admission' at a distinct point in time, stretching the phrase 'at the time of application for admission' to refer to a period of years would push the statutory text beyond its breaking point." *Id.* at \*6. This is particularly true when Respondents themselves placed Petitioner in removal proceedings under 8 U.S.C. § 1226(a) and not § 1225(b). (Doc. 1-1 at 5.)

The Court is also aware of several decisions adopting Respondents' argument. *Valencia v. Chestnut*, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025); *Alonzo v. Noem*, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); *Sandoval v. Acuna*, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Rojas v. Olson*, 2025 WL 3033967 (E.D. Wisc. Oct. 30, 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177-H, Doc. 9 (N.D. Tex. Oct. 24, 2025); *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025), *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2490657 (E.D. Va. Aug. 5, 2025); *Pena v. Hyde*, No. 25-11983, 2025 WL 2108913 (D. Mass. July 28, 2025). But Respondents' view represents the minority position—in the weeks since the district court considered the issue in *Echevarria*, dozens of other courts have reached the same conclusion. *See, e.g., Quinapanta v. Bondi*, 2025 WL 3157867, \*6 (W.D. Wisc. Nov. 12, 2025) ("[M]ore than 45 district courts have now rejected similar arguments made by respondents here and ordered bond hearings for noncitizens who, like petitioner, were apprehended within the United States years after entering without admission or inspection unless implicated by any criminal activity covered by § 1226(c). These decisions, along

with a growing number of others have concluded that the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up).

Having reviewed the recent decisions adopting the minority view, the Court agrees with the conclusion reached by the district court in *Echevarria*. For these reasons, the Petition is granted in part as to Count One and Petitioner must receive a bond hearing under 8 U.S.C. § 1226(a). In Count One Petitioner also challenges her rearrest and detention without notice and an opportunity to respond, which Respondents did not address. The Court will not adjudicate that portion of the Petition at this time. If Petitioner is not released on bond following her bond hearing, the Court will address whether Petitioner is entitled to immediate release based upon that argument.

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted in part as to Count One**. The remainder of the Petition must remain pending.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release her from custody under the same conditions that existed before her detention.

3. Respondents must provide a notice of compliance within **one day** of releasing Petitioner or providing her a bond hearing. The notice must specify the outcome of any bond hearing.

Dated this 9th day of December, 2025.

_G. Murray Snow_
G. Murray Snow
Senior United States District Judge