# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bessy Ceren Cordova,<br><br>                    Petitioner,<br><br>v.<br><br>David Rivas, et al.,<br><br>                    Respondents. | No. CV-25-04264-PHX-GMS (MTM)<br><br>**ORDER** |

Petitioner filed this habeas corpus action under § 2241 challenging her immigration detention. In its December 10, 2025 Order, the Court granted Petitioner's petition in part, determining Petitioner's detention was governed by 8 U.S.C. § 1226(a) and not, as Respondents claimed, § 1225(b) and Petitioner was therefore entitled to a bond redetermination hearing. The Court's Order stated "Respondents must provide Petitioner a bond redetermination hearing within seven days or release her from custody under the same conditions that existed before her detention." (Doc. 12 at 4.) The Order further required Respondents to file a Notice of Compliance within one business day of Petitioner's release or being provided a bond redetermination hearing.

On December 17, 2025, Petitioner filed a Motion to Enforce the Court's December 10, 2025 Order. (Doc. 13.) Petitioner stated "a bond hearing was apparently conducted" on December 16, 2025 but Petitioner's counsel "was notified of this hearing only 3.5 hours prior to its occurrence, without clear indication that the hearing would take place that same day" and "[c]ounsel reasonably understood that the bond hearing was scheduled for

December 17, 2025, based on the Notice of Hearing in Removal Proceedings issued by the Miami Immigration Court on December 4, 2025, which explicitly scheduled a hearing for December 17, 2025 at 8:00 A.M." (Doc. 13 at 1-2, Ex. B.) Further, the email correspondence from ICE indicates "We are going forward at 1 pm Pacific time on the bond hearing for your client." (Doc. 13-1 at 7.) This in no way notified counsel the hearing was rescheduled from December 17 to December 16.

The Court ordered an emergency response to the motion. (Doc. 14.) Respondents filed their combined response and notice of compliance. (Doc. 15.) Respondents' notice indicates:

> a bond redetermination hearing for Petitioner Bessy Ceren Cordova was scheduled for December 16, 2025, in accordance with this Court's Order issued on December 10, 2025. Doc. 12. This Court required that the bond redetermination hearing be scheduled within seven days, which would have expired on December 17, 2025. Doc. 12 at 4. Respondents were also ordered to provide notice of the hearing within one day of providing the hearing, which it does today. According to the Immigration Judge's (IJ) Order dated December 16, 2025, the bond request was withdrawn. The Order states: 'No sponsor information was submitted. Counsel did not appear nor contract [sic] the court. Withdrawal of bond is without prejudice to renew.'

(Doc. 15-1, Ex. A.)

The documents supporting their response reflect Respondents mailed a copy of the order scheduling bond redetermination hearing directly to Petitioner and not to her counsel. (Doc. 15-2 at 2.) Those documents do not indicate whether Petitioner appeared at the December 16, 2025 bond redetermination hearing. And based on their response, it appears Respondents believe that by *scheduling* the bond redetermination hearing and mailing a notice to Petitioner and not her counsel (who entered an EOIR-28 notice of appearance) they satisfied the requirements of the December 10, 2025 Order. Respondents are mistaken. The December 10 Order directed Respondents to *provide* the bond redetermination hearing. Part of providing the hearing is ensuring a represented petitioner's counsel is aware of the hearing so that they can participate. Providing the hearing requires more than scheduling it and then deeming the bond redetermination

request "withdrawn" because nobody appeared on Petitioner's behalf. Providing the hearing requires the actual consideration of Petitioner's bond status under § 1226, not a pro forma hearing where nothing occurs.

In short, Respondents have failed to comply with the order to provide the hearing. To address the immediate issue of Petitioner's detention, the Court grants the Motion to Enforce. Respondents will be required to ensure a bond redetermination hearing is held within two business days. Petitioner's counsel must be personally notified in writing of the date and time of that hearing one business day in advance of the hearing. That hearing must take place and must be held under § 1226 and not § 1225. Respondents must immediately thereafter notify the Court in writing of the result of that hearing.

**IT IS THEREFORE ORDERED** Petitioner's Motion to Enforce (Doc. 13) is granted.

**IT IS FURTHER ORDERED** (1) Respondents must ensure a bond redetermination hearing is held within two business days; (2) Counsel for Respondents must personally notify Petitioner's counsel in writing of the date and time of that hearing one business day in advance; (3) Respondents' counsel must ensure that hearing takes place and held under § 1226 and not § 1225; and (4) Respondents counsel must immediately thereafter notify the Court in writing of the result of that hearing.

Dated this 18th day of December, 2025.

_____
G. Murray Snow
Senior United States District Judge